UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

          Plaintiff,

v.

Edmundo Ruiz, Jr.,

          Defendant.

Case No. 3:24-cr-94

MEMORANDUM OPINION
AND ORDER

## I.    INTRODUCTION

Defendant Edmundo Ruiz, Jr. filed a motion to suppress evidence tied to administrative subpoenas purportedly used by the government while investigating his case. (Doc. No. 45). The government filed a brief in opposition. (Doc. No. 50). Counsel for Ruiz indicated in an email to my chambers that he would file a brief in reply by December 23, 2024, but he did not do so, and I took the motion under advisement at that time.[1] For the reasons stated below, I deny Ruiz's motion.

## II.    BACKGROUND

On March 19, 2024, Ruiz and two other defendants were charged in a three-count indictment alleging a drug conspiracy along with illegal firearms behavior. (Doc. No. 11). The

---

[1] Ruiz subsequently filed a document captioned "Supplemental Motion in Support of Motion to Suppress." (*See* Doc. No. 59). This filing—which is not a motion—purports to "present to the Court some issues for consideration" "[i]n anticipation of a hearing being held." (*Id.* at 1). It does not present evidence or argument in support of Ruiz's motion. Instead, it lists certain alleged areas of factual uncertainty Ruiz wishes to address at any evidentiary hearing held on his motion. Because I deny Ruiz's motion, and his request for a hearing, for the reasons stated below, I decline to address his supplemental filing.

government charged Ruiz with one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1). (*Id.* at 1). Ruiz names the following "issue" in his motion: "the increased usage of administrative subpoenas in connection with criminal investigations." (Doc. No. 45 at 2).

### III.   ANALYSIS

Ruiz does not clearly identify a particular government action he believes to be unlawful. Rather than attack "any particular subpoena," Ruiz appears to mount a challenge to "all administrative subpoenas" because, in his view, their use is "an attempt to end the requirement of showing to a Magistrate probable cause to believe an offense has been committed and probable cause to believe that the Defendant whose search is being undertaken committed it." (Doc. No. 45 at 3). In support, he cites an article from the Columbia Law Review and several unpublished district court cases. (*See id.* at 3-6). Near the end of his motion, Ruiz refers to administrative subpoenas purportedly used by the government to obtain "[i]nformation . . . from Verizon" and WhatsApp before Ruiz was charged in this case. (*Id.* at 6). Ruiz requests a hearing "to more fully probe the basis upon which the warrants in this case were issued." (*Id.*).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and "searches" is the salient category here. Const. amend. IV. But not every investigative technique triggers these constitutional safeguards. Rather, a Fourth Amendment "search" requires "a physical intrusion of a constitutionally protected area" or an act that "violate[s]" the defendant's "reasonable expectations of privacy." *United States v. Bah*, 794 F.3d 617, 630 (6th Cir. 2015) (internal citation omitted). And "[a]s the proponent of the motion to suppress," Ruiz "bears the burden" of showing the government violated his Fourth Amendment rights. *United States v. Coleman*, 923 F.3d 450, 455 (6th Cir. 2019).

2

Ruiz has failed to carry that burden. To start, his disavowal of a challenge to "any particular subpoena," and his stated target of "all administrative subpoenas," (Doc. No. 45 at 3), exceeds the boundaries of my "limited jurisdiction" as a federal judge, because I may not issue advisory opinions. *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 716 (6th Cir. 2011). "For adjudication of constitutional issues[,] 'concrete legal issues, presented in actual cases, not abstractions' are requisite." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). Ruiz's request that I examine the constitutional propriety of administrative subpoenas as a category, without addressing any particular administrative subpoena, would result in a "purely advisory" opinion. *Fialka-Feldman*, 639 F.3d at 714. I reject Ruiz's invitation to undertake the "academic[] exercise" of evaluating the government's general use of administrative subpoenas in criminal investigations. *Id.*

Nor has Ruiz persuaded me that any administrative subpoena issued in connection with this case constituted a Fourth Amendment "search." Because Ruiz refers to subpoenas issued to "third party businesses," he may not "dispute their issuance on Fourth Amendment grounds" unless he can show he has a cognizable Fourth Amendment interest "attaching to the records obtained." *United States v. Phibbs*, 999 F.2d 1053, 1076 (6th Cir. 1993).

Ruiz does not attempt to explain how any administrative subpoena physically intruded into a constitutionally protected area or violated his reasonable expectation of privacy. *Cf. Carpenter v. United States*, 585 U.S. 296, 308, 315 (2018) (holding that the collection of seven days of cell site location information under 18 U.S.C. § 2703 was a Fourth Amendment search while acknowledging that "the Government is typically free to obtain" information voluntarily shared with a third party "from the recipient without triggering Fourth Amendment protection"). Ruiz does not purport to identify any particular records or information acquired pursuant to an administrative subpoena, much less explain why his Fourth Amendment rights might attach. Therefore, he has not carried his

3

burden to show the government's acquisition of information from a third party through an administrative subpoena violated his Fourth Amendment rights.

Ruiz instead asserts that the government engaged in a pattern of objectionable behavior while investigating this case: "the use by the Government of administrative subpoenas at the same time they were obtaining search warrants against Mr. Ruiz." (Doc. No. 45 at 3). But he cites nothing to support the proposition that the government must only use warrants obtained from a judge to gather information in a criminal case. Indeed, courts regularly approve the use of administrative subpoenas, in concert with warrants, under the Fourth Amendment. *See, e.g., United States v. Popa*, 369 F. Supp. 3d 833, 838-39 (N.D. Ohio 2019).

Further, several federal statutes authorize the government to issue administrative subpoenas, and federal courts have developed legal frameworks to evaluate their permissibility. *See, e.g., United States v. Markwood*, 48 F.3d 969, 979 (6th Cir. 1995) (articulating "judicially-created standards" for the review of an administrative subpoena issued under 37 U.S.C. § 3733); *Doe v. United States*, 253 F.3d 256, 265 (6th Cir. 2001) (applying *Markwood*'s four-part test to an administrative subpoena issued under 18 U.S.C. § 3486); *Phibbs*, 999 F.2d at 1077 (explaining that the recipient of an administrative subpoena duces tecum issued under 21 U.S.C. § 876 is "afforded certain protections under the Fourth Amendment"). Ruiz does not explain why any specific administrative subpoena issued in connection with his case might run afoul of these standards either.[2] In short, Ruiz has not carried

---

[2] Ruiz briefly refers to the fourth step of the four-part test for evaluating the reasonable relevance of administrative subpoenas in criminal cases, insisting that "the Court needs to consider whether enforcing the subpoena will constitute an abuse of the court's process." (Doc. No. 45 at 4) (citing *United States v. Rakhit*, No. 1:18-cr-33, 2020 WL 5530056 at *21 (N.D. Ohio Sept. 15, 2020) (citing *Doe*, 253 F.3d at 265). But Ruiz never identifies "the subpoena" in question, and since he seeks to suppress evidence he says the government already possesses, it is not clear why he asks me to evaluate "whether" to "enforce[e]" a subpoena. (Doc. No. 45 at 4). Moreover, Ruiz's argument here recycles a point I have already rejected: that "the agency chose to go back to the administrative route and avoid having to satisfy the neutral disinterested Magistrate," thereby violating the Fourth Amendment. (Doc. No. 45 at 4). Ruiz cites no evidence the government has attempted to evade the requirements of the Fourth Amendment by using administrative subpoenas.

his burden to show the government's use of an administrative subpoena in his specific case violated constitutional or statutory law.

## IV. CONCLUSION

For the reasons stated above, I deny Ruiz's request for a hearing and his motion to suppress. (Doc. No. 45).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
