UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                         Case No. 3:24-cr-94

            Plaintiff,

      v.                                             MEMORANDUM OPINION
                                                       AND ORDER

Edmundo Ruiz, Jr.,

            Defendant.

### I.     INTRODUCTION AND BACKGROUND

On March 19, 2024, Defendant Edmundo Ruiz, Jr. and two other defendants were charged in a three-count indictment alleging a drug conspiracy along with illegal firearms behavior. (Doc. No. 11). The government indicted Ruiz on one count of conspiracy to distribute and possess with intent to distribute at least 500 grams of a cocaine-containing substance and at least 400 grams of a fentanyl-containing substance in violation of 21 U.S.C. § 846 (Count 1). (*Id.* at 1).

Ruiz filed two motions, which I deemed consolidated for purposes of ruling on them. (*See* non-document order dated July 30, 2024). In the first, captioned "Motion to Suppress," he nominally seeks the suppression of "statements taken by agents of the Federal Government." (Doc. No. 33). But Ruiz does not identify any statements he made to law enforcement. Instead, his motion discusses an affidavit used to obtain a search warrant and asserts that there is "at best a non existent connection between" a drug-containing parcel discussed in the affidavit and Ruiz. (*Id.* at 4).

The government opposed Ruiz's motion. (Doc. No. 36). In its view, "Defendant's motion argues for a dismissal of the indictment rather than a suppression of any evidence," so the

government "tailored" its arguments "to respond to the dismissal argument rather than an unsupported argument for suppression of evidence." (*Id.* at 2).

In response to the government's briefing, Ruiz filed a one-page document captioned "Motion to Dismiss" in which Ruiz's counsel acknowledged "apparently not having been sufficiently clear in his argument." (Doc. No. 37). He reiterated his contention that "the Government has done nothing to suggest how the parcel has been tied to Edmundo Ruiz" and asked that "the Motion to Dismiss . . . be granted." (*Id.* at 1). I subsequently ordered the government to file the search warrant and affidavit in this case on the docket to aid my consideration of these motions (Doc. No. 42). Those documents have been filed under seal. (Doc. No. 43).

## II. ANALYSIS

"Parties are responsible for being clear in what they seek with their motions." *In re Jackson Masonry, LLC*, 906 F.3d 494, 504 (6th Cir. 2018). As Ruiz's counsel concedes, his initial motion was "not sufficiently clear" in identifying the basis for Ruiz's requests for suppression or dismissal. But reading both motions together, Ruiz appears to seek the dismissal of his indictment based on the purported insufficiency of the evidence and, relatedly, appears to challenge the propriety of a search warrant.

The first challenge is premature. "[A] defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence." *United States v. Levin*, 973 F.2d 463, 468 n.2 (6th Cir. 1992) (internal citations and quotation marks omitted); *see also United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based") (citing cases).

That is exactly what Ruiz seeks to do here. He asserts the government has failed to show a sufficient "nexus" between his client and a key piece of evidence in this case. (*See* Doc. No. 37 at 1). And in his first motion, he asks for a hearing "to force the Government to furnish information

sufficient *to link the various portions of their evidence to Defendant*." (Doc. No. 33 at 4) (emphasis added). He makes no other argument in favor of dismissing his indictment, such as facial invalidity or an infirmity in the grand jury process. *See United States v. Short*, 671 F.2d 178, 182 (6th Cir. 1982). Because "the prosecution's evidence is tested at trial, not in a preliminary proceeding," I decline to dismiss Ruiz's indictment based solely on the purported evidentiary weaknesses he identifies. *Id.* at 183.

To the extent Ruiz seeks to suppress evidence gathered from the execution of a search warrant, that argument fails, too. In order to mount a challenge to a Fourth Amendment search, a party "must show that 'his own' rights were 'infringed,'" a concept often referred to as Fourth Amendment "standing." *United States v. Russell*, 26 F.4th 371, 374 (6th Cir. 2022) (quoting *Byrd v. United States*, 584 U.S. 395, 403 (2018)) (additional citation omitted).

Ruiz does not attempt to make this showing. Instead, reciting portions of the affidavit submitted by DEA Agent Donald Widmer to support his application for a search warrant, Ruiz questions "whether the chain of evidence was maintained" and asserts that "the government agents were relying heavily upon Mr. Ruiz'[s] prior criminal conviction to focus attention on him." (Doc. No. 33 at 4). Even if this argument can be read to challenge the basis for the search warrant secured by Agent Widmer, Ruiz does not show how the search conducted pursuant to that warrant violated "his own" Fourth Amendment rights. *Russell*, 26 F.4th at 374. Because Ruiz has failed to make this preliminary showing, I deny his motion to suppress.

### III. CONCLUSION

For the reasons stated above, I deny Ruiz's request for a hearing and his motions to dismiss and suppress. (Docs. No. 33 & 37).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
