UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:24-cr-94

        Plaintiff,

   v.  MEMORANDUM OPINION
          AND ORDER

Edmundo Ruiz, Jr.,

        Defendant.

## I. INTRODUCTION

Defendant Edmundo Ruiz, Jr. filed a motion to suppress evidence tied to the search of a package addressed to Craig Ruiz. (Doc. No. 73). The government filed a brief in opposition. (Doc. No. 74). Ruiz filed a brief in reply. (Doc. No. 76). For the reasons stated below, I deny Ruiz's motion.

## II. BACKGROUND

On March 19, 2024, Ruiz and two other defendants were charged in a three-count indictment alleging a drug conspiracy along with illegal firearms behavior. (Doc. No. 11). The government charged Ruiz with one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1). (*Id.* at 1).

Ruiz's motion challenges the basis for the government's interception and search of a package suspected to contain narcotics. (*See* Doc. No. 73 at 2; Doc. No. 73-1 at 4-10). The package in question was shipped through the United States Postal Service, and it was addressed to Craig Ruiz at 2354 South Ave., Toledo, Ohio, 43609. (Doc. No. 73-1 at 4). It bore a return address to Jose

Robles, 2721 W. Van Buren, Phoenix, AZ, 85009. (*See id.*). United States Postal Inspector Tyler J. Sherman identified this parcel as a "suspected narcotics parcel" based on: its origin in Arizona, a "common origin area for controlled substances sent through the U.S. mail;" the fact the parcel was sent through USPS priority mail, which is "commonly used to transport controlled substances because narcotic traffickers can track the parcels, control dispatch times and locations, and have a guarantee of delivery in one to three days;" and its size and weight. (*Id.* at 5-7).

Sherman was unable to associate the name "Craig Ruiz" with the recipient's address on the package, though he did find a "Rebeca Ruiz" at that address. (Doc. No. 73-1 at 7). He was also unable to associate the name "Jose Robles" with the return address on the package, which instead appeared to be a "commercial property with multiple business entities." (*Id.*). Sherman's inability to connect the names of the sender or the recipient to their respective addresses also led Sherman to believe the package might contain narcotics, as narcotics traffickers often attempt to obscure their identities by using fictitious names. (*Id.*).

Sherman then placed the parcel "into a blind lineup underneath a wood box surrounded by five other wood boxes of the same approximate shape, size, and color." (*Id.* at 7). A narcotic detection canine named "Maty," who had been certified and trained to detect the odor of marijuana, heroin, cocaine, methamphetamine, and their derivatives, "gave a positive indication" on the box containing the subject parcel, which "meant Maty detected the odor of an illegal drug emanating from" that box. (*Id.* at 7-8). Based on an affidavit containing these facts, United States Magistrate Judge Darrell A. Clay made a finding of probable cause and issued a warrant authorizing a search of the parcel. (*See id.* at 1-2).

### III.  ANALYSIS

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

Because Fourth Amendment rights are "'personal,'" "a defendant must show that 'his own' rights," rather than someone else's, "were 'infringed.'" *United States v. Russell*, 26 F.4th 371, 374 (6th Cir. 2022) (quoting *Byrd v. United States*, 584 U.S. 395, 403 (2018)) (further quoting *Rakas v. Illinois*, 439 U.S. 128, 133 (1978)). So Ruiz must show he himself has an "ownership or possessory interest" or a "legitimate expectation of privacy" in the locus of the search. *Russell*, 26 F.4th at 377. "Courts use 'standing' as a 'shorthand' for this requirement." *Russell*, 26 F.4th at 374 (quoting *Byrd*, 584 U.S. at 410). And "[a]s the proponent of the motion to suppress," Ruiz "bears the burden" of showing a Fourth Amendment violation, including that he has Fourth Amendment standing. *United States v. Coleman*, 923 F.3d 450, 455 (6th Cir. 2019) (citation and quotation marks omitted); *see Russell*, 26 F.4th at 377.

Ruiz has not carried this burden. None of the facts attested to in Sherman's affidavit connect the package to him. It was not addressed to him, and the address to which it was sent was associated with a "Rebeca Ruiz," not Edmundo Ruiz, Jr. The return address also did not bear his name, and it was associated with several commercial properties, not Edmundo Ruiz, Jr. *See United States v. Ligon*, 861 F. App'x 612, 620 (6th Cir. 2021) (finding the defendant did not have Fourth Amendment standing because he "did not send [the packages] and they were not addressed to him personally").

Ruiz offers no evidence of his own that would suggest he had a Fourth Amendment-protected possessory or privacy interest in the package. *Cf. United States v. Elgin*, 57 F. App'x 659, 661 (6th Cir. 2003) (concluding defendant did not carry her burden to demonstrate Fourth Amendment standing where "she had been asked to pick the package up from her mother's home and deliver it to another individual" but "she did not testify or submit sufficient evidence at the suppression hearing to support her position").

3

Rather than attempt to establish the government's search "infringed upon *his* Fourth Amendment rights," Ruiz tries to sidestep this requirement entirely. *United States v. Noble*, 762 F.3d 509, 526 (6th Cir. 2014) (emphasis added).  Citing no source of legal authority, he states that "asking for the defendant to argue as to his 'standing' . . . implicates his Fifth Amendment rights. . . . asking for the Defendant to establish any sort of possession, control, or ownership of the package could be self-incriminating and used against him in later proceedings."  (Doc. No. 76 at 3).

But it is black-letter law that "'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Rakas*, 439 U.S. at 133-34 (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)) (further citations omitted).  A defendant who challenges the use of evidence "secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas*, 439 U.S. at 134 (citing *Alderman*, 394 U.S. 165, 174 (1969)).  Ruiz has not shown he has any "cognizable Fourth Amendment interest" in the package at issue, which was not sent to him, was not sent to an address associated with him, and did not come from him or an address associated with him. *Byrd*, 584 U.S. at 410.  Therefore, I reject his Fourth Amendment challenge to the search warrant authorizing the search of the package.

### IV.  CONCLUSION

For the reasons stated above, I deny Ruiz's request for a hearing and his motion to suppress. (Doc. No. 73).

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge