UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                          Case No. 3:24-cr-94

          Plaintiff,

    v.                                           MEMORANDUM OPINION
                                                     AND ORDER

Edmundo Ruiz, Jr.,

          Defendant.


## I.     INTRODUCTION

Defendant Edmundo Ruiz, Jr. moves to suppress evidence obtained pursuant to the search of a United States Postal Service priority mail package and pursuant to two administrative subpoenas. (Doc. Nos. 88 and 89). The government opposed both motions. (Doc. Nos. 92 and 93). Ruiz then filed briefs in reply. (Doc. No. 100 and 102). For the reasons stated below, I deny Ruiz's motions.

## II.     BACKGROUND

I previously summarized the factual and procedural history of this case:[1]

> On March 19, 2024, Ruiz and two other defendants were charged in a three-count indictment alleging a drug conspiracy along with illegal firearms behavior. (Doc. No. 11). The government charged Ruiz with one count of conspiracy to distribute and

---

[1] As the government notes, Ruiz's first attorney previously challenged both the search warrant and the administrative subpoenas. (*See* Doc. Nos. 33, 37, 45 and 73). But, after new counsel was appointed, I concluded it was appropriate to permit new counsel to file additional briefing on these issues. (*See* Doc. No. 87). Therefore, I will consider Ruiz's current motions on their merits rather than treat them as motions for reconsideration as the government contends.

possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1). (*Id.* at 1).

Ruiz's motion challenges the basis for the government's interception and search of a package suspected to contain narcotics. (*See* Doc. No. 73 at 2; Doc. No. 73-1 at 4-10). The package in question was shipped through the United States Postal Service, and it was addressed to Craig Ruiz at 2354 South Ave., Toledo, Ohio, 43609. (Doc. No. 73-1 at 4). It bore a return address to Jose Robles, 2721 W. Van Buren, Phoenix, AZ, 85009. (*See id.*). United States Postal Inspector Tyler J. Sherman identified this parcel as a "suspected narcotics parcel" based on: its origin in Arizona, a "common origin area for controlled substances sent through the U.S. mail;" the fact the parcel was sent through USPS priority mail, which is "commonly used to transport controlled substances because narcotic traffickers can track the parcels, control dispatch times and locations, and have a guarantee of delivery in one to three days;" and its size and weight. (*Id.* at 5-7). Sherman was unable to associate the name "Craig Ruiz" with the recipient's address on the package, though he did find a "Rebeca Ruiz" at that address. (Doc. No. 73-1 at 7). He was also unable to associate the name "Jose Robles" with the return address on the package, which instead appeared to be a "commercial property with multiple business entities." (*Id.*). Sherman's inability to connect the names of the sender or the recipient to their respective addresses also led Sherman to believe the package might contain narcotics, as narcotics traffickers often attempt to obscure their identities by using fictitious names. (*Id.*).

Sherman then placed the parcel "into a blind lineup underneath a wood box surrounded by five other wood boxes of the same approximate shape, size, and color." (*Id.* at 7). A narcotic detection canine named "Maty," who had been certified and trained to detect the odor of marijuana, heroin, cocaine, methamphetamine, and their derivatives, "gave a positive indication" on the box containing the subject parcel, which "meant Maty detected the odor of an illegal drug emanating from" that box. (*Id.* at 7-8). Based on an affidavit containing these facts, United States Magistrate Judge Darrell A. Clay made a finding of probable cause and issued a warrant authorizing a search of the parcel. (*See id.* at 1-2).

(Doc. No. 79 at 1-2).

Over the next several weeks, investigators sought to identify the subscriber or subscribers connected to two internet protocol ("IP") addresses used to track the parcel via an online portal. (Doc. No. 88-2 at 2) (filed under seal). An administrative subpoena issued to Verizon Wireless, the company to which both IP addresses were assigned, revealed that both addresses were associated with a Verizon cell phone number "subscribed to 'No Name' at [an] address" in Dublin, Ohio. (*Id.*).

2

Investigators were unable to identify the subscriber at that time because the Dublin address was associated with several different businesses. (*Id.*).

Investigators then sent a second administrative subpoena to Verizon, seeking the toll record of incoming and outgoing calls for that cell phone number, before later obtaining a warrant to place a virtual GPS location tracker and a virtual dialed number recorder on the cell phone. (*Id.* at 2-3). Further investigation revealed that Ruiz likely was in possession of the cell phone used to track the parcel. Ruiz subsequently was arrested and charged in this case.

### III.  ANALYSIS

#### A.  THE SEARCH WARRANT

The first step in a Fourth Amendment analysis involves determining whether a defendant has standing to challenge a particular search or seizure. "The defendant must satisfy a two-part test: 1) whether he manifested a subjective expectation of privacy in the object of the challenged search; and 2) whether society is prepared to recognize that expectation as legitimate." *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1510 (6th Cir. 1988) (citing *California v. Ciraolo,* 476 U.S. 207, 211 (1986)).

Ruiz argues, for the purposes of his motion to suppress, that "if the government contends that the parcel contained controlled substances intended for or associated with Mr. Ruiz, then he was a legitimate expectation of privacy in its contents sufficient to challenge the search." (Doc. No. 88 at 3) (filed under seal). (*See also* Doc. No. 102 at 3-4) (arguing "[h]aving built its investigation on the parcel, the government cannot now claim that Mr. Ruiz had no privacy interest in the very evidence it used to target him.") (filed under seal).

These arguments are not persuasive. Investigators did not possess any information that might have indicated Ruiz had a privacy interest in the parcel before they obtained the search warrant. As Ruiz implicitly concedes, neither his name nor his address was listed on the parcel. (*See*

3

Doc. No. 88 at 1-2). The United States Court of Appeals for the Sixth Circuit has held that a defendant "could not have had any subjective expectation of privacy" in packages he did not send, and which were not personally addressed to him. *United States v. Ligon*, 861 F. App'x 612, 620 (6th Cir. 2021) (citing *United States v. Elgin*, 57 F. App'x 659, 661 (6th Cir. 2003)).

I conclude Ruiz has not shown he has standing to challenge the seizure and subsequent search of the parcel. Therefore, I need not reach his other arguments, and I deny his motion.

**B.     THE ADMINISTRATIVE SUBPOENAS**

Ruiz also challenges the two administrative subpoenas investigators obtained in July 2023. He contends those subpoenas exceeded their permissible statutory bounds and were unconstitutional because they were issued without judicial approval. (Doc. No. 89 at 1) (filed under seal). He also argues the government's delayed disclosure of the subpoenas prevented him from challenging the subpoenas at an earlier time. (*Id.*).

As I noted above, the first step in a Fourth Amendment inquiry is to determine whether the defendant has standing to challenge the government's conduct. Ruiz argues he has standing to challenge the administrative subpoenas because investigators used the information that they obtained to connect him to the conduct alleged in this case. (*Id.* at 2).

But it is well settled "that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979) (citing cases). The only information investigators obtained through the administrative subpoena was the address and the name, or lack thereof, of the subscriber and a list of phone numbers that either called or were called by the user of the cell phone. (*See* Doc. No. 88-2 at 2-3). This is information a subscriber has volunteered to the cell phone company and, "[i]n doing so, [the subscriber] assumed the risk that the company would reveal to police the numbers he dialed." *Smith*, 442 U.S. at 744.

4

"Subscriber information requires an individual's active participation" before that information is transmitted to a third party. *United States v. Maclin*, 393 F. Supp. 3d 701, 708 (N.D. Ohio 2019). The purchaser of the cell phone used to track the parcel in this case voluntarily provided an address to Verizon and the user of the phone subsequently employed the carrier's service to make and receive phone calls. There is no reasonable expectation of privacy in that information, *Smith*, 442 U.S. at 744, and therefore, Ruiz cannot show he has standing to challenge any alleged constitutional error in the administrative subpoenas.

I also deny Ruiz's motion with respect to the alleged statutory violations. The Secured Communications Act, 18 U.S.C. § 2701, *et seq.*, ("SCA"), permits the use of administrative subpoenas to obtain certain communications or records of cell phone users. Alleged violations of the SCA may be remedied or sanctioned exclusively through the remedies and sanctions stated within the SCA. 18 U.S.C. § 2708. "[T]he statute says nothing about suppression as a remedy for running afoul of its provisions." *United States v. Williams*, 741 F. Supp. 3d 642, 651 (E.D. Mich. 2024) (citation omitted). Therefore, Ruiz cannot prevail on his motion to suppress on this basis.

Finally, I deny Ruiz's motion with respect to his delayed-disclosure argument. Ruiz fails to show he had a right to disclosure at an earlier time and he fails to show an earlier disclosure might have resulted in a different outcome.

### IV.  CONCLUSION

For the reasons stated above, I deny Ruiz's motions to suppress. (Doc. Nos. 88 and 89).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge